UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                  No. 1:23-cr-57

vs.                                 Hon. Jane M. Beckering
                                       United States District Judge

PRESTON SCOTT MIKOTTIS,

        Defendant.
_____/

## JOINT NOTICE REGARDING SPEEDY TRIAL CLOCK

As ordered by the Court, the parties in this case have conferred and agree that no less than 50 days remain on the speedy trial clock. If the Court agrees that Mikottis has been incompetent since at least the date of the charged offenses, then no Speedy Trial Act days have elapsed. In the alternative, 20 days elapsed between his initial appearance in this district and his motion for a competency examination, and the clock will not resume until this Court finds him competent.

FACTS

1.       On May 5, 2023, the United States Attorney filed a criminal complaint charging defendant Mikottis with making a bomb threat and threatening the President of the United States. (R. 1: Complaint, PageID.1.) He was arrested in the Eastern District of California on May 15, 2023, and made his initial appearance in Sacramento the same day. (R. 7-1: Rule 5 Documents, PageID.28.) The defendant

was committed to the custody of the U.S. Marshal for transportation to the Western District of Michigan. (R. 7-3, 7-4: Rule 5 documents, PageID.30, 33.)

2. On May 23, 2023, a grand jury in this district returned an indictment charging Mikottis with three counts of making a bomb threat, and one count of threatening the President of the United States. (R. 5: Indictment, PageID.21.)

3. The defendant made his initial appearance in the Western District of Michigan on May 31, 2023. (R. 8: Minutes of Initial Appearance, PageID.35.)

4. On June 20, 2023, the defendant filed a motion for a competency evaluation. (R. 19: Motion, PageID.55.) On June 26, 2023, this Court granted the motion and committed Mikottis to the custody of the Attorney General for a psychological evaluation. (R. 21: Order, PageID.60.)

5. On June 27, this Court ordered that the defendant be transported to MCC San Diego for the examination. (R. 22: Order, PageID.62.) Mikottis arrived at MCC San Diego on July 7, 2023, ten days after the order for his transportation. (R. 26: Forensic Report, PageID.71.)

6. On December 1, 2023, the Bureau of Prisons found that as a result of severe mental illness, Mikottis was not competent to understand the proceedings or assist in his own defense. (*Id*, PageID.70, 84.) This Court scheduled a competency hearing for January 8, 2023. (R. 30: Notice of Hearing, PageID.38.)

7. On January 4, 2023, Mikottis filed notice that he intended to rely on a defense of insanity and asked the Court to postpone the competency hearing. (R. 31: Notice of Insanity Defense, PageID.31.) On January 5, the government filed a

2

motion for criminal responsibility examination. (R. 32: Motion, PageID.91.) The Court granted the motion, and on January 12 ordered the defendant be transported to MCC San Diego. (R. 34: Order for Criminal Responsibility Examination, PageID.94; R. 35; Order for Transportation, PageID.96.

8. On January 18, 2024, this Court disclosed that it had been contacted by a BOP clinical psychologist and advised that BOP could not evaluate Mikottis for criminal responsibility until it could be established that he was competent. (R. 38: Order, PageID.99.) The Court conducted a status conference the same day, and the parties agreed to move forward on the question of competency before further proceedings regarding criminal responsibility. (*Id*, PageID.99.) The Court vacated the order for criminal responsibility evaluation without prejudice and adjourned the competency hearing to February 6, 2024. (*Id*, PageID.100.)

9. On February 2, 2024, the parties stipulated that Mikottis was not competent to aid in his own defense and asked the Court to order his restoration. (R. 39: Stipulation, PageID.101.) The same day, the Court found Mikottis was not competent to stand trial and ordered that he be committed for up to 120 days for further evaluation, treatment, and restoration to competency. R. 40: Order, PageID.102.) On October 28, 2024, the defendant arrived at MCFP Springfield to begin his evaluation period. (R. 43: Order, PageID.106.)

10. On February 25, 2025, the Court noted that Mikottis' evaluation period was set to end that day. (R. 43: Order, PageID.106.) The Court ordered that "[i]f the Bureau of Prisons is able to restore competency by the end of the restoration period,

3

they are ordered also to complete the criminal responsibility evaluation pursuant to 18 U.S.C. §§ 4242 and 4247." (*Id.*)

11. On February 26, 2025, the Warden at MCFP Springfield asked the Court to extend the treatment period, to determine if there was a substantial probability that the defendant could become competent for the trial to proceed. (R. 44: Letter, PageID. 108.) After allowing the parties seven days to file any objections, the Court granted a four-month extension to July 2, 2025. (R. 46: Order, PageID.112; R. 48: Order, PageID.113.)

12. On July 10, 2025, the Court received BOP's forensic evaluation report (dated July 2, 2025). The examiners opined that Mikottis had "recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in the defense of the claims brought against him." (R. 48: Certificate of Competency, PageID.115.) BOP concluded, however, that "After reviewing the available information, it is our opinion that Mr. Mikottis was mentally ill at the time of his alleged offense, and that his symptoms of severe mental disease rendered him unaware of the wrongfulness of his actions. Consequently, it is our opinion that he did meet the criteria for insanity and **was not criminally responsible** for his actions at the time." (R. 48: Forensic Psychological Report, PageID.153.) (emphasis in original).

13. The parties have discussed resolving the case with a plea of not guilty only by reason of insanity. Defense counsel intends to discuss the proposal with Mikottis as soon as he is returned to this district.

## LAW & ANALYSIS

A trial must normally commence within 70 days of the filing of an indictment, or the defendant's initial appearance before the Court in the charging district, whichever is later. 18 U.S.C. § 3161(c)(1). Certain periods are excludable, however, including delays resulting from any proceeding, including any examinations, to determine the defendant's mental capacity (18 U.S.C. § 3161(h)(1)(A)); transportation of the defendant to and from places of such examination (18 U.S.C. § 3161(h)(1)(F)); and ends-of-justice continuances granted by the Court. (18 U.S.C. § 3161(h)(7)).

Section 3161(h)(1)(F) presumptively limits excludable delay resulting from the transportation of any defendant to and from places of examination or hospitalization to 10 days. *United States v. Tinklenberg*, 579 F.3d 589, 596-97 (6th Cir. 2009) (vacated on other grounds). The 10-day period begins with the order directing transportation. *United States v. Turner*, 602 F.3d 778 (6th Cir. 2010).

"Any period of delay resulting from the fact that the defendant is mentally incompetent" is excluded. (18 U.S.C. § 3161(h)(4)). That exclusion is automatic and does not require that the period of delay be "reasonable." *See, Henderson v. United States*, 476 U.S. 321, 327 (1986).

The Sixth Circuit recently held that "the entire period between the district court's order finding [the defendant] not competent to stand trial and the court's order deeming his competence restored must be excluded from the Act's

5

calculations." *United States v. Perry*, 116 F.4th 578, 582 (6th Cir. 2024). The court reasoned:

> In short, the terms of the Speedy Trial Act require us to read § 3161(h)(1)(F) in tandem with § 3161(h)(4), the latter of which independently paused the Act's 70-day countdown during Perry's period of incompetency. That conclusion makes sense not only as a textual matter, but also as a constitutional one. After all, trying a defendant deemed incompetent to assist in his defense violates due process. *Cooper v. Oklahoma*, 517 U.S. 348, 354, 116 S.Ct. 1373, 134 L.Ed.2d 498 (1996) (citing *Medina v. California*, 505 U.S. 437, 453, 112 S.Ct. 2572, 120 L.Ed.2d 353 (1992)). Perry's approach would penalize the government for failing to bring to trial a defendant who could not lawfully be tried.

*Id.*

Other courts have agreed that § 3161(h)(4) trumps other provisions of the STA. *See, e.g. United States v. Romero*, 833 F.3d 1151, 1155 (9th Cir. 2016) ("[T]he Speedy Trial Act unambiguously requires the exclusion of all time during which a defendant is incompetent to stand trial … [O]ther delays that may or may not occur during a period of incompetence are irrelevant to the Speedy Trial Act calculation."); *United States v. Pendleton*, 665 F. App'x 836, 839 (11th Cir. 2016) (unpublished) ("[I]f a defendant is mentally incompetent under § 3161(h)(4), that time is excludable even if there is also a transportation delay that is unreasonably long and thus not excludable under § 3161(h)(1)(F)"); *United States v. Beler*, No. 19-mj-100 (BAH), 2019 U.S. Dist. LEXIS 192631, at *35-36 (D.D.C. Nov. 6, 2019) ("after a defendant is found incompetent to stand trial, all time is excludable whether or not the defendant's transportation to a facility for competency restoration is delayed.");

*Perry* establishes that the incompetence exclusion in § 3161(h)(4) only ends when the district court orders the defendant's competence restored. *Perry*, 116 F.4th

6

at 582. In any event, the "time reasonably required to consider the psychiatric examination report, and to schedule and conduct the hearing . . . is excludable." *See, United States v. Chance*, 51 F. Supp. 2d 916, 919 (C.D. Ill. 1999) (28 days elapsed from the receipt of the report to the conducting of the hearing not unreasonable and therefore excluded).

The speedy trial clock commenced in this case on May 31, 2023, when Mikottis first appeared in this district. It was paused 20 days later when Mikottis filed his motion for a competency evaluation. His transportation to the evaluation facility was within the 10-day limit excluded by the STA, and the examination itself was excluded under § 3161(h)(1)(A).

The overriding exclusion in § 3161(h)(4) took effect no later February 2, 2024, the date Court officially determined Mikottis was not competent. The statute requires no such finding, however, to trigger the exclusion. On the contrary, it simply excludes "any period of delay resulting from the fact that the defendant *is* mentally incompetent." *Id*, emphasis added.

The record reflects that Mikottis was in a continuous state of incompetence from at least December 1, 2023, through July 2, 2025. Moreover, BOP found Mikottis was not sane at the time of the charged offenses, all of which *preceded* the commencement of the Speedy Trial Act clock. There is no evidence that Mikottis was ever competent between November 5, 2021 (the earliest charged offense) and his restoration on July 2, 2025.

Because Mikottis was continuously incompetent from a date before his initial appearance, it is arguable that no non-excluded days have elapsed at all. In the alternative, the Court could find 20 days elapsed from Mikottis' first appearance and his motion to for a competency evaluation, which would leave 50 days remaining.

                                          Respectfully submitted,

                                          TIMOTHY VERHEY
                                          United States Attorney

Dated: July 29, 2025                 */s/ Nils R. Kessler*
                                          NILS R. KESSLER
                                          Assistant United States Attorney
                                          P.O. Box 208
                                          Grand Rapids, MI 49501-0208
                                          (616) 456-2404
                                          *nils.kessler@usdoj.gov*


                                          */s/ Tessa K. Muir*
                                          (w/permission)
                                          TESSA K. MUIR, Esq.
                                          Springstead, Bartish, Borgula & Lynch
                                          60 Monroe Center St NW Ste 500
                                          Grand Rapids MI 49503-2946
                                          (616) 458-5500
                                          *tessa@sbbllaw.com*