UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - - - - - - - - -

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 1:23-cr-57 |
| v. | |
| PRESTON SCOTT MIKOTTIS, | Hon. Jane M. Beckering<br>U.S. District Judge |
| Defendant. | |
| _____/ | |

PLEA AGREEMENT

This constitutes the plea agreement between Preston Scott Mikottis and the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1. <u>Defendant Agrees to Plead Not Guilty Only by Reason of Insanity</u>. The defendant agrees to plead not guilty only by reason of insanity to the indictment. Counts 1, 3, and 4 charge him with using a telephone to make a bomb threat, in violation of 18 U.S.C. § 844(e). Count 2 charges him with making a threat against the President, in violation of 18 U.S.C. § 871(a).

2. <u>Defendant Understands the Crimes</u>.

    a. In order for the defendant to be guilty of using a telephone to make a bomb threat, the following must be true:

        i. The defendant made, or caused to be made, a threat to kill, injure or intimidate any individual, or unlawfully damage or destroy a building, vehicle, or other real or personal property, by means of fire or an explosive;

        ii. The defendant used, or caused to be used, an instrument of commerce, such as a telephone, to communicate the threat; and,

        iii. The defendant acted knowingly and willfully.

    b. In order for the defendant to be guilty of making a threat against the President, the following must be true:

        i. The defendant made a true threat to take the life of, or inflict bodily harm upon, the President of the United States; and,

        ii. The defendant acted knowingly and willfully.

3.    <u>Defendant Understands the Consequences of his Plea</u>.

    a. If the Court finds the defendant was not guilty only by reason of insanity at the time of the offenses charged, he will be committed to a suitable facility until such time as he is eligible for release.

    b. Within 40 days of the judgment of conviction, the Court will conduct a commitment hearing. The defendant will have the burden of proving by clear and convincing evidence that his release would not create a substantial risk of bodily injury to another person, or serious damage of property of another, due to a present mental disease or defect.

    c. If the defendant does not meet that burden, he will be committed to the custody of the Attorney General until the State of Michigan assumes responsibility for his care, custody, and treatment; or until he can be safely released, whichever is earlier.

    d. If the defendant does meet that burden, the Court may release him unconditionally.

4.   Factual Basis for Plea.  The defendant and the U.S. Attorney's Office agree and stipulate to the following statement of facts which need not be proven at the time of the plea or sentencing:

   a. Early on November 5, 2021, the defendant called the main number for the FBI Detroit Field Office from Antrim County, Michigan, and identified himself as Private First Class Mikottis, U.S. Marine Corps. After providing his home address and the last four digits of his social security number, the defendant said, "I planted a bomb at Camp Pendleton, California."

   b. Later the same day, the defendant called the FBI Detroit Field Office again from Antrim County, and said, "I plan on killing the President and I planted bombs all over East Jordan, Michigan."

   c. On January 29, 2023, the defendant sent a text message to the phone number of a restaurant in Bellaire, Michigan. The defendant said, "I planted a bomb at the restaurant."

   d. On April 28, 2023, the defendant sent another text message to the same restaurant in which he said, "Might want to evacuate. I placed a bomb on the premises."

   e. The defendant was charged by criminal complaint in this District and arrested on May 12, 2023 in California. The defendant was detained pending trial, and transported to MCC San Diego for a competency evaluation at the request of his counsel. According to the evaluation report, he was suffering from a severe mental disease or defect rendering him mentally incompetent to the extent that he

is unable to understand the nature and consequences of the court proceedings against him or to assist properly in his own defense.

    f.  In January 2024, the defendant filed notice that he intended to rely on a defense of insanity. Upon the government's motion, the Court sent him to the U.S. Medical Center in Springfield, Missouri, for competency evaluation and restoration, and a criminal responsibility examination if his competency was restored.

    g.  In July 2025, the U.S. Medical Center opined that the defendant is currently competent, but was unaware of the wrongfulness of his actions at the time of the offenses due to mental illness, and was therefore not criminally responsible.

    5.  <u>Waiver of Constitutional Rights</u>.  By pleading not guilty only by reason of insanity, the defendant gives up the right to a speedy and public trial by jury or by the Court.  As a result of his plea, there will be no trial. At any trial, whether by jury or by the Court, the defendant would have had the following rights:

    a.  The right to the assistance of counsel, including, if he could not afford an attorney, the right to have the Court appoint an attorney to represent him.

    b.  The right to be presumed innocent and to have the burden of proof placed on the Government to prove him guilty beyond a reasonable doubt.

    c.  The right to confront and cross-examine witnesses against him.

    d.  The right, if he wished, to testify on his own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

   e. The right not to be compelled to testify, and, if he chose not to testify or present evidence, to have that choice not be used against him.

   f. By pleading guilty, Defendant also gives up any and all rights to pursue in this Court or on appeal any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

  6. <u>FOIA Requests.</u>  The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

  7. <u>The Court is not a Party to this Agreement</u>.  The defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the matters set forth in this agreement.

  8. <u>This Agreement is Limited to the Parties</u>.  This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan, and cannot bind any other federal, state or local prosecuting, administrative or regulatory authority. This agreement applies only to crimes committed by the defendant. This agreement does not apply to or preclude any past, present, or future forfeiture or civil actions.

9.  <u>Consequences of Breach</u>.  If the defendant breaches any provision of this agreement, including the promise to plead not guilty only by reason of insanity, the United States shall have the right to terminate this agreement, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed.  In such an event, the defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant.  The defendant further agrees to waive and forever give up his right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of this agreement.

10. <u>This is the Complete Agreement</u>.  This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties.  No other promises have been made, nor may any additional agreements, understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

TIMOTHY VERHEY
Acting United States Attorney

_____7/29/25_____          _____/s/ Nils Kessler_____
Date                         NILS R. KESSLER
                             Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms.  My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement.  No promises or inducements have been made to me other than those contained in this

6

agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

7/29/2025
Date

_____
PRESTON SCOTT MIKOTTIS
Defendant

I am Preston Scott Mikottis' attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

7/29/2025
Date

_____
TESSA K. MUIR
Attorney for Defendant

7